UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN R. SCHRUBB,<br><br>    Plaintiff,<br><br>    v.<br><br>E. MCCUMSEY, et al.,<br><br>    Defendants. | Case No. 13-5977-VC (PR)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS DUPLICATIVE** |

Plaintiff, an inmate at the Kern Valley State Prison ("KVSP") proceeding pro se, filed this civil rights complaint in state court alleging that Defendants, employees of the California Department of Corrections and Rehabilitation, violated Plaintiff's constitutional rights. Defendant McCumsey, the only Defendant who has been served, removed the case to this Court on the grounds that this Court has original jurisdiction over Plaintiff's federal constitutional claims under 42 U.S.C. § 1983. The Court addresses the claims asserted in Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and finds that they are duplicative of the claims asserted in a previous federal civil rights case filed by Plaintiff on August 26, 2013, *Schrubb v. Jager*, No. C 13-4163 BLF (PR). However, before the Court dismisses this case as duplicative of his earlier-filed case, Plaintiff is granted leave to explain why the this case is not duplicative of the earlier case.

## DISCUSSION

**I.    Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a

1  governmental entity, or officer or employee of a governmental entity, to identify any cognizable
2  claims and dismiss any that: (1) are frivolous or malicious; (2) fail to state a claim upon which
3  relief may be granted; or (3) seek monetary relief from a defendant who is immune from such
4  relief.  28 U.S.C. § 1915A(a).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica*
5  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).
6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:
7  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
8  the alleged violation was committed by a person acting under the color of state law.  *West v.*
9  *Atkins*, 487 U.S. 42, 48 (1988).

10  **II.   Plaintiff's Claims**

11  Plaintiff  alleges that Defendants delayed his access to photocopying and mailing his
12  petition for a writ of habeas corpus, which resulted in the petition being denied as untimely in both
13  state and federal courts.  He claims that Defendants' actions violated his rights of freedom of
14  speech, access to the courts, equal protection and due process.  He also asserts state tort claims.
15  In *Schrubb v. Jager*, case number C 13-4163 BLF (PR), Plaintiff asserted the identical
16  allegations and claims against the same Defendants as in the instant case.  On December 9, 2013,
17  in case number C 13-4163 BLF (PR), the Court issued an Order of Service, doc. no. 8, in which it
18  found that, construed liberally, Plaintiff's allegations sufficiently alleged claims based on the
19  violation of his rights of freedom of speech, access to the courts, equal protection, due process and
20  state law torts.  The Court ordered service of these claims on Defendants Jager, Rusk, Hoffman,
21  McCumsey, Quinn, Smith, Horel, Allen and Grannis.
22  The instant complaint is frivolous because it asserts claims duplicative of those raised in
23  the earlier action.  *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v.*
24  *Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually
25  identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious).  A federal
26  court must dismiss a prisoner complaint if it is frivolous, malicious or fails to state a clam upon
27  which relief may be granted.  28 U.S.C. § 1915A(b)(1).
28  Nevertheless, in the interests of justice, the Court shall grant Plaintiff leave to show cause

1 why this complaint should not be dismissed as duplicative of case number C 13-4163 BLF (PR).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff shall file a declaration, of five pages or less, in which he explains why this case is not duplicative of his earlier-filed case. In this declaration, Plaintiff shall point out the allegations and claims in this complaint that are different from his allegations and claims in his earlier-filed case. Plaintiff shall file this declaration within twenty-one days from the date of this order.

2. If Plaintiff does not file such a declaration within this time period, the case shall be dismissed as duplicative and malicious pursuant to 28 U.S.C. § 1915A(b)(1) and *Cato*, 70 F.3d at 1105 n.2.

**IT IS SO ORDERED.**

Dated: April 28, 2014

_____
VINCE CHHABRIA
United States District Judge

P:\PRO-SE\VC\CR.13\Schrubb v McCumsey 13-5977P OSC Dupl.docx

3