UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN R. SCHRUBB,<br><br>    Plaintiff,<br><br>    v.<br><br>E. MCCUMSEY, et al.,<br><br>    Defendants. | Case No. 13-5977-VC (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**<br><br>Docket no. 10 |

Kevin Schrubb, a state inmate proceeding pro se, filed this civil rights complaint in state court alleging that Defendants, employees of the California Department of Corrections and Rehabilitation, violated Plaintiff's constitutional rights. On December 27, 2013, Defendant McCumsey, the only Defendant who was served, removed the case to this Court. On April 18, 2014, the Court issued an order for Schrubb to show cause why the case should not be dismissed as duplicative of his earlier-filed case, *Schrubb v. Jager*, No. C 13-4163 BLF (PR). Schrubb was granted twenty-one days from the date of the Order in which to file a declaration showing how the claims and allegations in this case were different from his earlier-filed case. The Court indicated that, if Schrubb did not file the declaration in the required time-frame, his case would be dismissed as duplicative and malicious pursuant to 28 U.S.C. § 1915A(b)(1) and *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). Schrubb did not file the required declaration and, on May 30, 2014, the Court issued an Order dismissing the case.

On June 5, 2014, Schrubb filed a motion to remand and, on June 18, 2014, McCumsey filed an opposition.

In Schrubb's motion to remand, he argues that removal was improper. However, as Schrubb acknowledges, his fourth cause of action contained a federal constitutional claim so that removal was proper. Although Schrubb acknowledges that the claims in this complaint are duplicative of the claims in case number C 13-4163 BLF (PR), he seeks remand of his state claims in order to preserve his right to sue in state court.

As McCumsey points out, the Court has dismissed the case and has entered judgment. Therefore, this Court no longer has jurisdiction over this case and cannot order remand. *See O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (once case is dismissed, federal jurisdiction terminates).  Therefore, Schrubb's motion for remand is DENIED.  This Order terminates docket number 10.

**IT IS SO ORDERED.**

Dated:   June 26, 2014

_____
VINCE CHHABRIA
United States District Judge