UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN R. SCHRUBB,<br>　　　　Plaintiff,<br>　v.<br>E. MCCUMSEY, et al.,<br>　　　　Defendants. | Case No. 13-5977-VC (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION; VACATING JUDGMENT; REOPENING CASE; GRANTING MOTION TO DISMISS AND TO REMAND**<br><br>Docket nos. 10 and 12 |

Kevin Schrubb, a state inmate proceeding pro se, filed this civil rights complaint in state court alleging that Defendants, employees of the California Department of Corrections and Rehabilitation, violated Plaintiff's constitutional rights. Defendant E. McCumsey, the only Defendant who was served, removed the case to this Court. On April 30, 2014, the Court issued an order for Schrubb to show cause why the case should not be dismissed as duplicative of his earlier-filed case, *Schrubb v. Jager*, No. C 13-4163 BLF (PR). Schrubb was granted twenty-one days from the date of the Order in which to file a declaration showing how the claims and allegations in this case were different from his earlier-filed case. Schrubb did not file the required declaration and, on May 30, 2014, the Court issued an order dismissing the case and entered judgment.

On June 5, 2014, Schrubb filed a motion to dismiss and to remand and, on June 18, 2014, McCumsey filed an opposition. The Court denied the motion. On June 25, 2014, Schrubb filed a motion for reconsideration. Before the Court could rule on this motion, Schrubb filed a notice of appeal.

A notice of appeal does not divest the district court of jurisdiction if, at the time it was filed, there was then a pending motion for reconsideration. *United Nat'l Ins. Co. v. R&D Latex*

*Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001). Under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), such a notice of appeal does not become effective, and the district court does not lose jurisdiction, until the district court rules on all motions for reconsideration filed no later than twenty-eight days after judgment is entered. *Miller v. Marriott Int'l., Inc.*, 300 F.3d 1061, 1063-64 (9th Cir. 2002).

Because Schrubb filed his motion for reconsideration within twenty-eight days from the entry of judgment, this Court has jurisdiction to address it. In the motion for reconsideration, Schrubb states that the Court's April 30, 2014 Order to Show Cause why the case should not be dismissed was mailed to his previous address and, as a result, he did not receive it until May 13, 2014. Schrubb points out that, at the time McCumsey removed Schrubb's state complaint, Schrubb had been housed at his present address for over one month and he also provided his current address to the Court by filing two change of address notices.[1] Schrubb points out that his motion for dismissal and remand, which was mailed on June 1, 2014, was within twenty-one days of his late receipt of the Court's Order to Show Cause and, thus, the Court should consider it.

The main reason the Court denied Schrubb's motion for dismissal and remand was that his failure to file a timely response to the Court's Order to Show Cause resulted in the dismissal of the case, divesting the Court of jurisdiction. Because Schrubb's untimely response may have been caused by McCumsey's failure to use Schrubb's current address or by the Court's own failure to update Schrubb's address on the Court's docket, the Court grants the motion for reconsideration to review Schrubb's motion for dismissal and remand. In order to review this motion, the Court vacates the judgment (doc. no. 9) and reopens the case.

In Schrubb's motion to dismiss and remand, he points out that his state complaint asserts primarily state law claims and only briefly mentions a federal claim based on the Fourteenth Amendment in his fourth cause of action. Schrubb seeks to dismiss the federal claim and have his state claims remanded. He explains that he filed his state claims in state court as well as in federal court because, in a previous lawsuit, he was prohibited from suing in state court due to a time bar

---

[1] The change of address notices do not appear on the docket of Schrubb's case.

after his federal and pendent state claims were dismissed.

For good cause appearing, the Court grants Schrubb's motion to dismiss the federal claim asserted in his complaint and grants his motion to remand the state law claims.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The motion for reconsideration is GRANTED.  Doc. no. 12.

2. The judgment (doc. no. 9) is vacated and the case is reopened.

3. The motion to dismiss and to remand (doc. no. 10) is GRANTED.

4. The federal claim is dismissed and the remaining state law claims are remanded to the Del Norte County Superior Court.

5. The Clerk of the Court shall send a copy of this Order to the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated:  July 10, 2014

_____
VINCE CHHABRIA
United States District Judge